# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELIQUE JENKINS<br>*Plaintiff,* | : | CIVIL ACTION |
| v. | : | No. 19-1904 |
| TRANSPORT WORKERS UNION,<br>LOCAL 234<br>*Defendant.* | : | |

## MEMORANDUM

### I. INTRODUCTION

Before the Court is Defendant Transport Workers Local #234's Second Motion to Dismiss for failure to state a claim (ECF No. 14) and Plaintiff's Response (ECF No. 15).

### II. BACKGROUND

*Pro se* Plaintiff Angelique Jenkins worked for SEPTA as a bus driver and train operator. *See generally* ECF No. 2. While working as a bus driver, Jenkins entered into a "Last Chance Agreement," which, according to Jenkins, provided that she was subject to immediate discharge, grievance, and arbitration if "charged with committing an infraction for which discipline is justified." *Id.* at 7. In March 2019, SEPTA discharged Jenkins for violating the terms of the Last Chance Agreement by opening the train doors on the wrong side. *Id.* Jenkins, however, alleges that she was no longer subject to the Last Chance Agreement and that her

1

termination resulted from her decision to run for Union President. *Id.* at 6.

According to the Complaint, Jenkins decided to run for Union President in 2018. *Id.* at 8–9. Jenkins informed her supervisors of this decision in a letter, "mentioned [it] to several bosses," and posted about it on Facebook. *Id.* Jenkins alleges that she was later contacted by union officials and "[b]ig bosses" asking her not to run. *Id.* at 9.

After SEPTA charged Jenkins with opening the doors on the wrong side in 2019, Jenkins' business agent initially issued a notice of investigation and a verbal warning. *Id.* Soon after, Jenkins' assistant director discovered that she was subject to a Last Chance Agreement, and, as a result, Jenkins was terminated. *Id.* at 7.

Jenkins alleges that she was terminated "prior to grievance procedures" and that she should have only received a verbal warning because she was no longer subject to the Last Chance Agreement. *Id.* at 7–8. According to Jenkins, she "walked off [her] [Last Chance Agreement]" and had a good performance record. *See id.* at 8.

Further, the fact that her business agent and assistant director "were exclusive and have been friends for over 20 years" presents a "strong conflict of interest concerning influence over another." *Id.* At a hearing, Jenkins claims her business agent "told the hearing officer I'm going to say a few things, but [Jenkins is] going to represent herself." *Id.*

Jenkins filed this Complaint against Defendant asserting federal question subject matter jurisdiction under the Labor-Management Relations Act and Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C §§ 2000e to 2000e-17 (race, color, gender, religion, national origin) ("Title VII").[1] ECF No. 2 at 2–4. On the Court's preprinted complaint form, Jenkins alleged that Defendant violated Title VII by (1) terminating her employment, (2) retaliating against her, and (3) breaching its duty of fair representation. *Id.* at 5–6.

From what the Court can decipher, Jenkins alleges that Defendant discriminated and retaliated against her because of her decision to run for Union President and breached its duty of fair representation because her business agent and assistant director's friendship created a conflict of interest. ECF No. 2 at 6, 8.

Defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See generally* ECF No. 14. Defendant argues that Jenkins (1) has no claim under Title VII against the union because SEPTA—not Defendant—terminated her and (2) the Complaint does not include sufficient legal and factual basis for a breach of its duty of fair representation. *Id.* at 2. For the following reasons, the Court will grant Defendant's Motion.

---

[1] Because Plaintiff is proceeding *pro se*, the Court liberally construes her pleadings. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

## III. DISCUSSION

### A. <u>Standard of Review</u>

In evaluating "the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.*

On the other hand, a motion to dismiss will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "The plausibility determination is 'a context-specific task that

4

requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## B. <u>Fair Representation Claim</u>

Jenkins' fair representation claim is not sufficiently pled to survive Defendant's Motion to Dismiss. According to Defendant, this Court should grant its motion because Jenkins failed to articulate sufficient facts to show that Defendant's representation was arbitrary, discriminatory, or in bad faith. ECF No. 14 at 8. *See Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991).

"A union certified as an exclusive bargaining representative has a correlative duty of fair representation." *Lopez v. Transportation Workers Union Local 234*, No. CV 16-05515, 2018 WL 1757726, at *4 (E.D. Pa. Apr. 12, 2018) (quoting *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993)). A union breaches its "duty of fair representation if its actions are 'arbitrary, discriminatory, or in bad faith.'" *Id.* (quoting *Air Line Pilots Ass'n, Int'l*, 499 U.S. at 67). The "courts must give 'due regard for the fact that both the advocates and the tribunal members are laymen,' not lawyers." *Id.* at *5 (quoting *Findley v. Jones Motor Freight, Div. Allegheny Corp.*, 639 F.2d 953, 961 (3d Cir. 1981)).

To show arbitrariness, the plaintiff must allege that the union's conduct was "so far outside a wide range of reasonableness as to be irrational." *Robinson v.*

5

*Nat'l R.R. Passenger Corp.*, No. CV 18-341, 2019 WL 3310333, at *20 (E.D. Pa. July 22, 2019) (quoting *Bakos v. Am. Airlines, Inc.*, 748 F. App'x 468, 471–72 (3d Cir. 2018)). This standard is "highly deferential" to the union, allowing judgments that are "ultimately wrong" or even negligent. *Lopez*, 2018 WL 1757726, at *5 (quoting *Air Line Pilots Ass'n, Int'l* at 78); *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 45–46 (1998).

To show discrimination, "a plaintiff must adduce substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Robinson*, 2019 WL 3310333, at *20 (quoting *Bakos*, 748 F.App'x at 472).

Finally, "[t]o demonstrate bad faith, [a] plaintiff must show that the union had hostility toward plaintiff or the plaintiff's class and that the hostility negatively affected the union's representation of the plaintiff." *Lopez*, 2018 WL 1757726, at *4 (quoting *Danao v. ABM Janitorial Servs.*, 142 F. Supp. 3d 363, 371–72 (E.D. Pa. 2015)).

Here, Jenkins' vague assertion that Defendant breached its duty of fair representation because she expressed her intention to run in the election, without more, is not enough to advance her claim. In other words, the facts as pled do not show a plausible right to relief under a fair representation claim.

Jenkins alleges that SEPTA fired her because of her decision to run for

Union President. Even under the highly deferential standard, such conclusory allegations are insufficient to show that the Defendant engaged in conduct that was in any way arbitrary, discriminatory, or in bad faith. *Air Line Pilots Ass'n*, 499 U.S. at 67. Accordingly, Jenkins' Complaint fails to plead facts that allows the Courts to infer Defendant acted "so far outside a wide range of reasonableness as to be irrational." *Robinson*, 2019 WL 3310333, at *20. Jenkins' allegations fail to put forth some showing that Defendant acted out of an "intentional, severe" discrimination that was "unrelated to legitimate union objectives." *Id.* And, Jenkins failed to plead facts that favors a hostility from Defendant or that such hostility affected its representation of her. *Lopez*, 2018 WL 1757726, at *4.

As such, reviewing the Complaint in a light most favorable to Jenkins, it does not allege enough facts to state a plausible claim to relief. *See Ashcroft*, 556 U.S. 662 at 678. Therefore, without more, the Court, drawing on its experience and common sense, is unable to extract a reasonable inference that Defendant breached its duty of fair representation.

### C. <u>Title VII Claim</u>

Jenkins' Title VII claim is not sufficiently pled to survive Defendant's Motion to Dismiss. According to Defendant, Jenkins failed to state a claim because SEPTA—not Defendant—terminated Plaintiff. ECF No. 14 at 11.

Title VII prohibits unions from discriminating on the basis of a protected

7

status for the same reasons as employers. *Robinson*, 2019 WL 3310333, at *20 (quoting *Danao v. ABM Janitorial Servs.*, 142 F. Supp. 3d 363, 371 (E.D. Pa. 2015)). To establish a *prima facie* case for a union's violation of Title VII, "a plaintiff must show (1) a violation of the collective bargaining agreement with respect to the plaintiff; (2) the union permitted the violation to go unaddressed, thereby breaching its duty of fair representation; and (3) some indication that the union's actions were motivated by some discriminatory animus." *Danao*, 142 F. Supp. at 371 (citing *Lopresti v. Cnty. of Lehigh*, 2014 WL 1885278, at *6 (E.D.Pa. May 12, 2014)); *see also Young v. Local 1201, Firemen & Oilers Union*, 2009 WL 3152119, at *4 (E.D.Pa. Sept. 25, 2009), *aff'd*, 419 Fed. App'x 235 (3d Cir.2011)).

The burden to establish a *prima facie* case of discrimination is not an onerous one, but a *prima facie* case allows the court to eliminate the most obvious, lawful reasons for an employer's action. *Makky v. Chertoff*, 541 F.3d 205, 215 (3d Cir. 2008) (citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981)).

Here, Jenkins did not allege enough facts to establish a *prima facie* case for Defendant's alleged discrimination. First, the Court is unable to infer a violation of a collective bargaining agreement. Second, as discussed above, Jenkins failed to plead any facts that allows the Court to infer that Defendant "permitted [a] violation to go unaddressed" or breached its duty of fair representation. Third,

8

along the same lines, Jenkins failed to plead any facts to show any "discriminatory animus" on the part of Defendant.

### D. Labor-Management Relations & PERA Claims

In her Complaint, Jenkins asserts subject matter jurisdiction under the check box titled "Labor-Management Relations Act."[2] ECF No. 2 at 3. Jenkins' Complaint also cites PERA. ECF No. 2 at 6–7. The Court lacks subject matter jurisdiction to hear these claims.

SEPTA is considered a "public subdivision." *Crilly v. Se. Pennsylvania Transp. Auth.*, 529 F.2d 1355, 1358 (3d Cir. 1976). According to the Third Circuit, "[p]ublic employees simply are not covered by the [National Labor Relations Act]." *Jackson v. Temple Univ. of Com. Sys. of Higher Educ.*, 721 F.2d 931, 933–34 (3d Cir. 1983). Instead, as cited by Jenkins herself, public employees are governed by the Public Employee Relations Act, 43 P.S. § 1101.101, et seq. ("PERA"). *See id.*

Under Pennsylvania law, "if a party seeks redress of conduct which arguably constitutes one of the unfair labor practices under PERA, jurisdiction to determine whether an unfair labor practice has occurred lies in the PLRB ['Pennsylvania

---

[2] In 1947, Congress passed the Taft-Hartley Act; Title I of the Taft-Hartley Act is often referred to as the National Labor Relations Act ("NLRA"). *Crilly v. Se. Pennsylvania Transp. Auth.*, 529 F.2d 1355, 1358 (3d Cir. 1976). Additionally, "Titles II through V of the Taft-Hartley Act were entirely new, and are commonly referred to as the Labor Management Relations Act ['LMRA']." *Id.*

Labor Relations Board'], and nowhere else." *Plouffe v. Gambone*, No. CIV.A. 11-6390, 2012 WL 2343381, at *7 (E.D. Pa. June 20, 2012), *aff'd sub nom. Plouffe v. Cevallos*, 777 F. App'x 594 (3d Cir. 2019) (citing *Hollinger v. Dep't of Public Welfare*, 469 Pa. 358, 365 A.2d 1245, 1248–49 (Pa.1976)). Further, "PERA states that the PLRB's power to prevent unfair practices 'shall be exclusive.'" *Id.* (citing 43 Pa. Cons. Stat. § 1101.1301).

Therefore, because Jenkins was a public employee, and public employees are not covered under the Labor-Management Relations Act, this Court lacks subject matter jurisdiction. *See Jackson v. Temple Univ. of Com. Sys. of Higher Educ.*, 721 F.2d 931, 933–34 (3d Cir. 1983); *Crilly*, 529 F.2d at 1363.

## IV. CONCLUSION

Having thoroughly reviewed the Complaint, as well as the documents Jenkins attached thereto, and having considered Defendant's Motion, as well as Jenkins' Response, the Court finds that the Complaint fails to state a cognizable claim. Consistent with the reasoning herein, the Court will, however, grant Jenkins leave to amend her Complaint regarding her fair representation and Title VII claims. Furthermore, the Court dismisses Jenkins' claims relating to the Labor-Management Relations Act and Public Employee Relations Act for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum.

BY THE COURT:

Date: 11-21-19

_____
CHAD F. KENNEY, JUDGE