IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANGELIQUE JENKINS | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 19-1904 |
| | : | |
| TRANSPORT WORKERS UNION, | : | |
| LOCAL 234 | : | |
| *Defendant.* | : | |

## MEMORANDUM

### I. INTRODUCTION

The Court previously granted Defendant Transport Workers Local #234's Motion to Dismiss, without prejudice, and signed an Order that included instructions for *Pro se* Plaintiff Angelique Jenkins to follow if she chose to file an amended complaint. ECF No. 19. Jenkins filed her Amended Complaint (ECF No. 20) and, now, before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and failure to join a party under Rule 19, *see* Fed. R. Civ. P. 12(b)(7). ECF No. 21. Jenkins did not file a response.

Despite the Court's instruction that the "[a]mended [c]omplaint shall be a complete document that does not rely on the initial [c]omplaint or other papers filed in this case to state a claim … [w]hen drafting the [a]mended [c]omplaint, Plaintiff should be mindful of the Court's reasons for dismissing the claims in the

1

initial [c]omplaint as explained in the Court's Memorandum," *see* ECF No. 19, Jenkins' Amended Complaint, *see* ECF No. 20, is styled as a narrative letter to the Court. Jenkins' Amended Complaint does not include additional facts or new information. Accordingly, Jenkins has failed to correct the deficiencies in her initial complaint. Nevertheless, because Plaintiff is proceeding *pro se*, the Court liberally construes her pleading. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. BACKGROUND

In the first paragraph of Jenkins' Amended Complaint, she mentions "Title VII the Defendants [sic] Duty of Fair Representation and the Civil Rights Act of 1964." ECF No. 20 at 2. She alleges, "[i]t is the defendant's obligation to enforce the Collective Bargaining [sic]." *Id.* Jenkins gives a cursory recitation of the Last Chance Agreement she entered with her employer, SEPTA, and the violation that resulted in her termination. *Id.* According to Jenkins, the Defendant's decision to not "take [her] case to arbitration [...] [was] intentional and discriminatory because of [her] decision to run in upcoming election [sic] against them." *Id.* at 3.

When liberally construing Jenkins' Amended Complaint, the Court interprets that Jenkins was party to a Last Chance Agreement and she suffered a subsequent violation that resulted in her termination. Jenkins alleges Defendant violated its duty of fair representation when it refused to pursue arbitration, which,

according to Jenkins, was fixed by her candidacy in an upcoming union election.

Defendant contends that the Amended Complaint "does nothing more than restate the allegations and arguments advanced in her dismissed Complaint." ECF No. 21-2 at 1. Defendant relies on its previous memorandum and adds an argument under Fed. R. Civ. P. 12(b)(7) that "this Court cannot compel SEPTA to arbitrate Plaintiff's termination unless SEPTA is joined as a party." *Id.* at 7.

The Court dismisses Jenkins' Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## III. DISCUSSION

### A. Standard of Review

In evaluating "the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.*

On the other hand, a motion to dismiss will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### B. <u>Fair Representation Claim</u>

Jenkins' fair representation claim is not sufficiently pled to survive Defendant's Motion to Dismiss.

"A union certified as an exclusive bargaining representative has a correlative duty of fair representation." *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993). A union breaches its duty of fair representation if its actions are arbitrary, discriminatory, or in bad faith. *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S 65, 67 (1991). The courts must give "due regard for the fact that both the advocates

4

and the tribunal members are laymen." *Findley v. Jones Motor Freight, Div. Allegheny Corp.*, 639 F.2d 953, 961 (3d Cir. 1981)).

Here, Jenkins' vague assertion that Defendant breached its duty of fair representation because it refused to take her case to arbitration, and such action was "intentional, and discriminatory because of [her] decision to run in upcoming election [sic] against them" is not enough to advance her claim.

Even under the highly deferential pleading standard, such conclusory allegations are insufficient to show that the Defendant engaged in conduct that was in any way arbitrary, discriminatory, or in bad faith. *O'Neill*, 499 U.S. at 67. In her Amended Complaint, Jenkins makes several "confirmations." *See* ECF No. 20. However, these "confirmations" do not rise to the level of factual allegations that allows the Court to infer that the Defendant's decision to not arbitrate her case was so unreasonable as to be irrational. Further, Jenkins fails to plead facts that Defendant's actions were unrelated to legitimate union objectives, or that its actions were grounded in a hostility that affected its representation of her.

Therefore, when reviewing the Amended Complaint in a light most favorable to Jenkins, it does not allege enough facts to state a plausible claim to relief. Without more, this Court, drawing on its experience and common sense, is unable to extract a reasonable inference that the Defendant is in some way liable to Jenkins for violating its duty of fair representation.

C.  **Title VII Claim**

Jenkins' Title VII claim is not sufficiently pled to survive Defendant's Motion to Dismiss.

Title VII prohibits unions from discriminating based on a protected status for the same reasons as employers. *Martinez v. Int'l Bhd. of Elec. Workers-IBEW Local Union No. 98*, 352 Fed.Appx. 737, 740 (3d Cir. 2009).

To establish a *prima facie* case for a union's violation of Title VII, "a plaintiff must show (1) a violation of the collective bargaining agreement with respect to the plaintiff; (2) the union permitted the violation to go unaddressed, thereby breaching its duty of fair representation; and (3) some indication that the union's actions were motivated by some discriminatory animus." *Danao v. ABM Janitorial Servs.*, 142 F. Supp. 3d 363, 371 (E.D. Pa. 2015); *see Young v. Local 1201, Firemen & Oilers Union*, 419 Fed. Appx. 235 at 240-41 (3d Cir.2011)).

Here, the Court is unable to infer a violation of a collective bargaining agreement. Second, as discussed above, Jenkins fails to plead any facts that allows the Court to infer that Defendant "permitted [a] violation to go unaddressed" or otherwise breached its duty of fair representation, without relying on conclusory allegations. Lastly, Jenkins fails to plead any facts that identifies her protected class under Title VII. A candidate in a union election is not a protected person under Title VII. Even if Jenkins had properly done so, she fails to plead facts that

suggests a connection between Defendant's actions and a "discriminatory animus" from which the Court could infer motivated the Defendant. Thus, Jenkins has failed to plead a viable Title VII claim.

## IV. CONCLUSION

Jenkins has failed to correct the deficiencies in her initial complaint and, therefore, the Court dismisses her Amended Complaint in its entirety, with prejudice. An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**Date:** January 6, 2020

_____
CHAD F. KENNEY, JUDGE