IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELIQUE JENKINS,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| v. | : | **No. 19-1904** |
| | : | |
| **TRANSPORT WORKERS LOCAL 234,** | : | |
| *Defendant.* | : | |

## MEMORANDUM

### I.  Introduction & Procedural Background

Plaintiff Angelique Jenkins filed a Complaint in this matter against Defendant Transport Workers Local 234 on May 2, 2019, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964.  ECF No. 2.  Defendant first filed a Motion to Dismiss on June 24, 2019 (ECF No. 8), which was denied without prejudice as the case was currently in suspense at the time of filing in light of the Court's having placed the matter on the Attorney Panel for *Pro Se* Plaintiffs in employment discrimination cases.  ECF No. 9.

On August 27, 2019, the Court ordered that the case "be removed from the Employment Panel because no attorney has volunteered to accept appointment in this case.  Plaintiff must represent herself at this time if she seeks to proceed with this case."  ECF No. 12.  Defendant thereafter filed a second Motion to Dismiss on September 17, 2019, ECF No. 14, which Plaintiff timely responded to on September 27, 2019, ECF No. 15.  The Court granted Defendant's second Motion

1

to Dismiss on November 21, 2019, instructing Plaintiff that she may file an Amended Complaint on or before December 18, 2019.  ECF No. 19.  The Court furthermore instructed that the "Amended Complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting the Amended Complaint, Plaintiff should be mindful of the Court's reasons for dismissing the claims in the initial Complaint as explained in the Court's Memorandum." *Id*.  The Court set the deadline for Plaintiff to file an Amended Complaint as December 18, 2019.  *Id*.  Plaintiff timely filed an Amended Complaint on December 2, 2019.  ECF No. 20.

Defendant filed a Motion to Dismiss the Amended Complaint on December 9, 2019, ECF No. 21, which the Court granted on January 7, 2020.  ECF Nos. 22 & 23.  Plaintiff filed a Response in Opposition to the Motion to Dismiss the Amended Complaint on January 8, 2020, a day after the Motion to Dismiss was granted and 16 days after the 14-day response deadline had passed.  ECF No. 24.

On February 18, 2020, Plaintiff filed a Notice of Appeal, appealing the Court's December 9, 2019 Order dismissing the Amended Complaint.  ECF No. 25.  Plaintiff thereafter filed a Motion for Extension of Time, ECF No. 27, with the Third Circuit Court of Appeals.  The Circuit Court remanded the matter back to this Court for the limited purpose of ruling on Plaintiff's Motion for an Extension of Time to File Her Notice of Appeal.  *See* ECF No. 28.  The appeal remains held

in abeyance pending this Court's disposition of the motion. *Id*. Should the Court grant Plaintiff's motion, no new notice of appeal is needed. *Id*. Should the Court deny Plaintiff's motion, that order may be appealed to the Circuit Court. *Id*.

## II. Discussion

28 U.S.C. § 2107(a) states that: "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322-323 (3d Cir. 2012). "Pursuant to this statutory provision, Federal Rule of Appellate Procedure 4(a)(1)(A) provides that, '[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." *Id*. "The Supreme Court has determined that 'the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" *Id*. (quoting *Bowles* v. Russell, 551 U.S. 205, 214 (2007)).

In accordance with 28 U.S.C. § 2107(a) and Rule 4(a)(1)(A), Plaintiff was required to file a notice of appeal within the applicable 30-day time period following the January 7, 2020 entry of the Order granting Defendant's Motion to Dismiss the Amended Complaint. In other words, Plaintiff had to file her notice of

appeal on or before February 6, 2020.  She clearly failed to do so as she filed her Notice of Appeal on February 18, 2020.

However, this Court has "limited authority to grant an extension of the 30-day time period."  *Ragguette*, 691 at 323 (citations omitted).  Section 2107(c) provides that "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause."  *Id*. (quoting 28 U.S.C. § 2107(c)).  Rule 4(a)(5) of the Federal Rules of Appellate Procedure "authorizes a party to file such a 'Motion for Extension of Time.'"  *Id*.  Rule 4(a)(5) currently provides that:

> (A) The district court may extend the time to file a notice of appeal if:
>
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5).

Plaintiff filed her Motion for Extension of Time on March 4, 2020, as

determined by the Circuit Court (*see* ECF No. 28), which was 57 days after the entry of the Order dismissing the Amended Complaint.  Plaintiff thereby filed a timely motion for an order granting an extension of time to file a notice of appeal under Rule 4(a)(5).  Because this motion was filed in a timely fashion and the "good cause" component of the rule is not at issue here[1], the question before the Court now is whether Plaintiff has shown "excusable neglect" under Rule 4(a)(5).

To qualify for an extension of time under the excusable neglect component of Fed. R. App. P. 4(a)(5)(ii), Plaintiff must assert facts meeting the considerations stated in *Ragguette. See Ragguette*, 691 F.3d at 324–26 (applying *Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380 (1993) and *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916 (3d Cir. 1987)).  "In *Ragguette*, the Third Circuit listed the following factors to be considered by the Court in analyzing excusable neglect:  (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir. 1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v.*

---

[1] The good cause standard "applies in situations in which there is no fault—excusable or otherwise."  *Ragguette*, 691 at 323 n. 2; *Kanoff v. Better Life Renting Corp.*, 350 F. App'x 655, 657 n. 1 (3d Cir. 2009) ("A district court also may extend the time in which to file a notice of appeal for 'good cause,' but the 'good cause' prong is reserved for events over which the filing party has no control.").

*Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia*, 508 F. Supp. 187 (E.D. Va. 1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia*, 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance." *Gonzalez v. Johnson*, No. 15-7564, 2019 WL 1011806, at *2–3 (D.N.J. Mar. 4, 2019) (citing *Ragguette*, 691 F.3d at 325-326 (citation omitted)).

In *Pioneer*, the Supreme Court held that the analysis for determining "excusable neglect" should be equitable and suggested the following factors be considered by the court: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, the Court finds that the *Ragguette* and *Pioneer* factors weigh in favor of granting Plaintiff's Motion for an Extension of Time. Plaintiff is proceeding

*Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia*, 508 F. Supp. 187 (E.D. Va. 1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia*, 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance." *Gonzalez v. Johnson*, No. 15-7564, 2019 WL 1011806, at *2–3 (D.N.J. Mar. 4, 2019) (citing *Ragguette*, 691 F.3d at 325-326 (citation omitted)).

In *Pioneer*, the Supreme Court held that the analysis for determining "excusable neglect" should be equitable and suggested the following factors be considered by the court: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, the Court finds that the *Ragguette* and *Pioneer* factors weigh in favor of granting Plaintiff's Motion for an Extension of Time. Plaintiff is proceeding

without the assistance of an attorney.  Accordingly, Plaintiff's lack of awareness of the time limit to file a Notice of Appeal does not reflect professional incompetence, nor does her late filing suggest that she was completely ignorant of the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure. Indeed, Plaintiff knew there was a deadline to file her appeal and asserts that she delayed in filing her Notice because she thought that the Court would issue another order after she responded—albeit, untimely—to Defendant's Motion to Dismiss. Moreover, Plaintiff's asserted diligence in waiting until the Court issued what she believed to be a final judgment demonstrates her reasonable diligence in attempting to timely file her appeal.

The Court also finds that the twelve-day delay in filing her Notice of Appeal is unlikely to prejudice Defendant in this case.  The length of delay is *de minimis* and it appears that Plaintiff acted in good faith.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Extension of Time (ECF No. 27) will be granted.  An appropriate Order follows.

DATED:  **August 3, 2020**           BY THE COURT:

      /s/ **Chad F. Kenney**
      CHAD F. KENNEY, J.